IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES MENSAH, :
:
    Petitioner, :
:
v. : No. 4:17-CV-1464
:
WARDEN CRAIG LOWE, : (Judge Brann)
:
    Respondent. :

# MEMORANDUM OPINION

### JULY 25, 2018

**I.    BACKGROUND**

Charles Mensah filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

According to the Petitioner, he had been detained by ICE for approximately seven (7) months at the time this matter was filed. Petitioner's pending § 2241 petition challenged his indefinite detention pending completion of his removal proceedings under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and related cases.

Mensah states that he is a native and citizen of Ghana who first entered the United States on October 30, 1999 as a lawful permanent resident. On September 30, 2011, Petitioner attempted to re-enter this country and was paroled into the United States as an arriving alien for the purpose of facing criminal prosecution under an outstanding arrest warrant. *See* Doc. 5, pp. 2-3. Petitioner was thereafter convicted of drug trafficking related offenses in the United States District Court for the Western District of New York.

After completing his resulting prison term, Petitioner was taken into ICE custody on February 3, 2017. An immigration judge ordered Petitioner's removal on July 12, 2017. This federal habeas corpus action was filed while Petitioner had an appeal of the adverse removal decision pending before the Board of Immigration Appeals (BIA). On November 17, 2017, Petitioner's appeal was dismissed by the BIA. *See* Doc. 7, p. 2. On January 3, 2018, the United States Court of Appeals for the Third Circuit issued a final order of removal. *See id.*

## II. DISCUSSION

On July 12, 2018, Respondent filed a "Notice Of Suggestion of Mootness." Doc. 8, p. 1. The notice states that Petitioner was removed from the United States on June 19, 2018. *See id.* at p. 2. Accordingly, Respondent contends that since Mensah has been removed from this country, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Mensah sought his immediate release from ICE detention. *See* Doc. 1, p. 9. According to Respondent's counsel, immigration officials informed counsel that Petitioner was removed on June 19, 2018 and the ICE Online Detainee

Locator System verifies Mensah's removal.  *See* Doc. 8-1.  Since Petitioner is no longer being detained by ICE, under the principles set forth in *Steffel*, Mensah's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge